UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case No. 24-cv-20924-MARTINEZ**

BENJAMIN RIVERA-SERRALTA,

      Plaintiff,

vs.

CARNIVAL CORPORATION,

      Defendant.

_____/

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE PRIOR INCIDENTS**

Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel, hereby files this motion *in limine* to preclude evidence of prior incidents at trial, and in support thereof states as follows:

### I.    INTRODUCTION

Benjamin Rivera-Serralta ("Plaintiff") alleges he slipped and fell while descending an interior staircase located between deck 8 and 9 of the *Carnival Paradise*. He claims his fall is due to Carnival's negligence because the stairs had inadequate slip resistance.

Now, Carnival seeks to preclude evidence of prior incidents that are not substantially similarity to Plaintiff's claimed incident. While it is Plaintiff's burden to establish substantially similar for any prior incident he seeks to introduce as evidence, the prior incidents disclosed in discovery and referenced by Plaintiff's expert should be precluded at this stage. These prior incidents involve circumstances dissimilar to Plaintiff's own incident, and therefore should be found inadmissible under the Eleventh Circuit' substantial similarity doctrine.

## II.    ARGUMENT

### a.    Consideration of Admission of Prior Incidents

Because of the potential for undue prejudice, the Eleventh Circuit has determined that prior incident evidence is permitted only under the "substantial similarity" doctrine. *See Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). "Evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." *Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990). The substantial similarity doctrine "requires that before evidence of prior incidents or occurrences is admitted into evidence, the proponent of such evidence must show that conditions substantially similar to the occurrence caused the prior incidents." *Heath*, 126 F. 3d 1391, 1397, n. 12.

The Eleventh Circuit has set forth a three-prong test to determine if evidence of a prior incident is admissible: (1) the incidents must not be too remote in time; (2) the conditions must be substantially similar; and (3) there must be no prejudice or confusion of the issues that substantially outweighs the probative value of the evidence. *See Weeks v. Remington Arms Co.*, 733 F.2d 1485, 1491 (11th Cir. 1984).

Plaintiff as the proponent of the evidence bears the burden of demonstrating substantial similarity. *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015) (citing *Heath*, 126 F.3d at 1397 n.12). Courts have distinguished prior falling incidents from the incident at issue based on various factors involved in the fall. *See generally id.; Taiariol v. MSC Crociere S.A.*, 677 F.App'x 599, 601 (11th Cir. 2017); *Bahr v. NCL (Bahamas) Ltd.*, No. 19-cv-22973-

BLOOM/Louis, 2021 WL 4898218, at *4 (S.D. Fla. Oct. 10, 2021), *clarified on denial of reconsideration*, No. 19-CV-22973, 2022 WL 19258 (S.D. Fla. Jan. 3, 2022).

In *Sorrels v. NCL (Bahamas) Ltd.*, the Eleventh Circuit affirmed the district court's ruling excluding evidence of 22 other slip and fall incidents on teakwood flooring in public areas of a cruise ship over a four-year period. There, the plaintiff claimed to have slipped on the pool deck of a cruise ship that was wet from rain. *Sorrels*, 796 F.3d at 1279. The district court found at the summary judgment stage that none of the 22 prior incidents to be introduced could be considered. First, none occurred where the plaintiff fell. Second, the liquids the other passengers slipped on differed – most involved unknown wet substances – and many reports noted there was no indication of rainwater. Third, some of the other incidents involved other factors such as playing table tennis or falling while running around the pool. *Id.* at 1287. The Eleventh Circuit found the district court acted within its discretion, in part given that only three of the other passengers claimed to have slipped on rainwater, and those passengers were wearing high heels or worn flip flips. *Id.* at 1288.

In *Taiariol v. MSC Crociere S.A.*, the Eleventh Circuit also affirmed the district court's exclusion of prior incidents that were not substantially similar. 677 F.App'x 599, 601. There, plaintiff claimed she slipped on the metal nosing edge of a step while leaving a theater onboard a cruise ship. The district court excluded "similar incidents" because none involved falls caused by the nosing. *Id.* The Eleventh Circuit affirmed, noting that while plaintiff produced incidents of passengers falling down steps, those incidents involved being distracted by a crewmember; tripping on electrical cords, camouflaged steps, or other objects; or slipping on marble stairs or steps not adequately marked. *Id.* Therefore, the prior incidents were not substantially similar to the *Taiariol* plaintiff's own incident.

Also in *Bahr v. NCL (Bahamas) Ltd.*, this Court considered six (6) prior incidents under the substantial similarity doctrine and ruled them all inadmissible. 2021 WL 4898218, at *4. There, plaintiff was walking down a gangway between the vessel and the dock when she slipped and fell near the end of the gangway, which she alleged was wet and slippery. The prior incidents involved (1) a passenger walking backwards while assisting someone in a wheelchair; (2) passengers slipping on entirely different gangways; (3) a fall that plaintiff failed to provide specific detail about; and (4) a slip while on a motor scooter. *Id.* at *5-7. Given the differences between the prior incidents, and plaintiff's failure to demonstrate similarity between these incidents and her own, the court found the little probative value of those incidents was outweighed by unfair prejudice to the defendant.

b.      Plaintiff's Incident

On April 17, 2023, Plaintiff was descending an interior staircase from deck 9 to deck 8 on the *Carnival Paradise* around 5 p.m. with his wife and two traveling companions when he fell. ECF No. 30-2 (Plaintiff's Deposition) at 36:1 – 16. He fell on the second to last step before reaching Deck 8. *Id*. at 39:6 – 14; see **Exhibit 1** (Photo Depicting Step Plaintiff Fell On). Plaintiff was wearing Air Jordan sneakers at the time of his fall. **Plaintiff's Depo.** at 34:13 - 17. He did not observe any water or transitory substance on the stairs. *Id*. at 46:17 - 20.

Plaintiff alleges in his lawsuit that the staircase he descended contained inadequate nonskid material and that Carnival should have known this posed a "risk that individuals would slip and fall while descending the subject staircase on the *Carnival Paradise*." ECF No. 9 (First Amended Complaint) at ¶ 28(b).

c.        Prior Incidents Not Substantially Similar to Plaintiff's Should Be Precluded.

In this particular case, the Parties' prior incidents scope encompassed passenger slip and falls on Staircase 215 for the *Fantasy*-class[1] of cruise ships for a five-year period preceding Plaintiff's incident. *See* **Exhibit 2** (Defendant's First Supplemental Responses to Plaintiff's First Set of Interrogatories). Of the ten prior incidents disclosed, only two occurred on the *Carnival Paradise*. *Id*. at pgs. 5 and 6, Nos. 8 and 10.

Neither incident on the *Carnival Paradise* is substantially similar to Plaintiff's own incident. J.K., a four-year old, was *ascending* the stairs between Deck 5 and 6 when he fell. Additionally, Reddie Drego, was *sitting* on the staircase on Deck 4. In the process of *standing up* from the staircase, her right foot slipped and she lost her balance. She was also wearing flip flops at the time. These incidents materially differ from Plaintiff's because same involve (1) a four year-old who was walking up the stairs at the time that he fell, and (2) an elderly passenger that fell while standing up from the staircase. These prior incidents on the *Paradise* do not put Carnival on notice of a risk that "individuals would slip and fall while descending the subject staircase[.]" ECF No. 9, ¶ 28(b).

The other eight incidents disclosed occurred on other vessels. **Exhibit 2** at pgs. 4-5, Nos. 1 -7, and 9. Among these passengers, several were wearing sandals or flip flops rather than tennis shoes like Plaintiff. *Id.* at Nos. 1, 3, 7, 9. One passenger was holding food in one hand and a drink in another when her right foot rolled, causing her fall. *Id*. at No. 4. Another passenger caught her slip-on slippers on the edge of the step. *Id*. at No. 6. Another initially reported that she lost her balance. *Id*. at No. 7. None of these incidents occurred under substantially similar circumstances to Plaintiff's own incident, and none put Carnival on notice that the *Paradise* stairs had inadequate

---

[1] The *Fantasy*-class was comprised of eight (8) different vessels within this time period – the *Elation, Paradise, Fantasy, Ecstasy, Sensation, Fascination, Imagination,* and *Inspiration*.

slip resistance that could cause passengers to fall while descending them. This Court should exclude these prior incidents at this stage.

Additionally, Plaintiff within his First Amended Complaint references other incidents on other vessels. ECF No. 9, ¶¶ 39, 52, 60, and 77. To the extent Plaintiff lacks any further detail on these prior incidents, they should be excluded as Plaintiff cannot meet his burden in proving substantial similarity. *Bahr*, 2021 WL 4898218, at \*6 ("Unlike the plaintiff in *Bunch* who demonstrated that the two different decks in question had the same reflective surface creating the same optical illusion, [], in this case, Plaintiff fails to elaborate on how the gangways are similar in any aspect. Without further demonstration of how the gangways are similar in any material aspect, the Court finds that [the] reported incident is inadmissible.") (internal citations omitted).

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully request the Court enter an order precluding prior incidents not substantially similar to Plaintiff's own incident, and for any further relief this Court deems just and proper.

### **Local Rule 7.1 (a)(3) Certification**

I hereby certify that counsel for the movant has conferred with Plaintiff's counsel regarding the relief sought, and Plaintiff is opposed.

Dated: March 19, 2025

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
Michael J. Drahos
Florida Bar No. 0617059

W. Cooper Jarnagin
Florida Bar No.: 117767
Michael.Drahos@Gray-Robinson.com
Cooper.Jarnagin@Gray-Robinson.com