UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 24-cv-20924-JEM

BENJAMIN RIVERA-SERRALTA,

     Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a,
CARNIVAL CRUISE LINE,

     Defendant.

_____/

## **PLAINTIFF'S MOTION IN LIMINE**

Plaintiff, BENJAMIN RIVERA-SERRALTA, by and through undersigned counsel, hereby respectfully moves this Court for an Order preventing the parties, their counsel, and witnesses from including, mentioning, referring to, interrogating, concerning, implying, offering into evidence, or attempting to convey to the jury in any manner, shape, or form, either directly or indirectly, the following matters at trial:

## **MOTION IN LIMINE NO. 1**

Plaintiff respectfully requests that any prior or subsequent injuries, medical conditions, diagnosis, symptoms, complaints, treatment, medical history, condition, and/or prognosis that are not related to the injuries that he sustained as a result of this incident should be excluded from being referenced in this trial.

The basis of this motion is that the above-referenced items are not relevant to any of the claims that will be presented at the time of trial under Federal Rule of Evidence 402, and whatever value they may have, if any, is substantially outweighed by the danger of unfair prejudice and

confusion. For example, Mr. Rivera-Serralta disclosed that he has high blood pressure, however there is no evidence that his high blood pressure is any way related to his slip and fall incident aboard the *Carnival Paradise* or to the complete rupture of his right patellar tendon which required surgical repair that he sustained as a result of the subject fall. Additionally, Mr. Rivera-Serralta disclosed that he pulled his back over 21 years ago while at work lifting a heavy object. Similarly, this back injury is entirely unrelated to the subject incident and the injuries that Mr. Rivera-Serralta sustained as a result. These injuries did not exacerbate Mr. Rivera-Serralta's ruptured knee injury, nor did they cause his ruptured knee injury, and therefore, are irrelevant and inadmissible pursuant to Federal Rules of Evidence 402.

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order prohibiting Defendant from making any references to any prior or subsequent injuries, medical conditions, diagnosis, symptoms, complaints, treatment, medical history, condition and/or prognosis that are not related to the injuries that he sustained as a result of this incident.

## MOTION IN LIMINE NO. 2

Plaintiff respectfully requests that any speculative arguments or references to the number of passengers on its ships that did not suffer from an incident be excluded from this trial.

Plaintiff is concerned that Defendant will attempt to make the argument that because other passengers traversed the staircase without incident, Mr. Rivera-Serralta's slip and fall was not due to Defendant's staircase which was installed, maintained, and inspected in direct violation of the applicable codes, regulations, and standards. Such argument is speculative, lacks foundation, and is irrelevant under Federal Rules of Evidence 401 and 403. The probative value (if any) of allowing this evidence to be introduced into trial is substantially outweighed by a danger of unfair prejudice and misleading the jury pursuant to Fed. R. Evid. 403.

Under Rule 401, evidence is relevant only if it has any tendency to make a fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. The fact that other passengers used the staircase without incident does not establish that the staircase was reasonably safe or that a dangerous condition did not exist at the time of Plaintiff's fall. The circumstances surrounding each passenger's use of the staircase—including time of day, environmental conditions, whether the stairs had transitory substances, the presence of warning signage (which there was not here), and footwear—vary significantly and do not bear on whether Defendant maintained the area in a reasonably safe condition. In fact, discovery revealed that another passenger slipped and fell on the same staircase as Mr. Rivera-Serralta aboard the *Carnival Paradise* approximately three hours before Mr. Rivera-Serralta's fall.

Furthermore, such a speculative argument about the number of passengers on its ships that did not suffer from an incident lacks a proper foundation and can be misleading to the jury. Defendant cannot lay a proper foundation for the argument that "no one else slipped" because it has no means of proving that every other passenger's traversal of the staircase was under the same conditions as Plaintiff's. Defendant lacks data on whether other passengers experienced difficulty but caught themselves, were unaware of a hazardous condition, or simply avoided the area. Such conjectural assertions serve only to mislead the jury and invite improper speculation.

Finally, even if this Court finds some relevance in this argument, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See* Fed. R. Evid. 403. Permitting Defendant to argue that other passengers used the staircase without incident improperly suggests that Plaintiff's fall was his own fault, without accounting for the specific hazardous conditions of the staircase present at the time of his fall. Such argument shifts focus away from Defendant's duty to maintain the staircase safe and in

compliance with the applicable rules, codes, and regulations, and instead invites the jury to engage in improper statistical reasoning.

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order prohibiting Defendant from making any speculative arguments or references to the number of passengers on its ships that did not suffer from an incident.

In the alternative, just as this Court limits the prior incidents that Plaintiffs can be introduced at trial to "substantially similar incidents," the number of passengers that Defendant can introduce as having navigated the stairs without incident should similarly be limited to a specific time frame, and to passengers that navigated the stairs in substantially similar circumstances as Mr. Rivera-Serralta did.

### **MOTION IN LIMINE NO. 3**

Plaintiff respectfully moves this Court for an order precluding Defendant from making arguments that the three traveling companions that Mr. Rivera-Serralta was with at the time of his fall did not slip and fall while descending the staircase. Plaintiff suspects that Defendant intends to use this argument to suggest that Mr. Rivera-Serralta was careless and/or that the staircase was safe because he was the only one who fell. However, the record establishes that Plaintiff's companions did not walk on the same steps as Plaintiff as they were descending the staircase. Therefore, this argument lacks relevance and foundation and is inadmissible under Federal Rules of Evidence 401, 402, and 403.

In his deposition, Mr. Rivera-Serralta testifies as follows:

> Q. So as you're going down the stairs, is anyone walking beside you, in front of you, behind you? What's the order of –
>
> A. It was a pretty wide staircase. So my wife and the other Jillian were ahead, but she -- I was to the left of the staircase, like where the rail is, and my wife

> was kind of in the middle and she was on the right side, and Eric was kind of beside me, but like one step back. We weren't even.

*See* Plaintiff's Dep. [ECF No. 30-2, at 36:1-9]. Mr. Rivera-Serralta's wife, Jillian Byrne, testified similarly in her deposition. Thus, if Defendant were to make this argument at trial, it would be made without a proper foundation because there is no evidence to support that Mr. Rivera-Serralta's traveling companions walked down the same part of the wide staircase as Mr. Rivera-Serralta had.

Under Rule 401, evidence is relevant only if it has any tendency to make a fact more or less probable. Fed. R. Evid. 401. The fact that Plaintiff's companions did not fall is not probative of whether a hazardous condition existed on the specific steps that Plaintiff used. The testimony in this case makes clear that the companions did not walk on the same steps as Plaintiff and therefore were not exposed to the same hazard. As such, the fact that they did not slip and fall has no bearing on the issue of whether Defendant Carnival maintained the staircase in a reasonably safe condition and in compliance with applicable codes, regulations, and standards.

Furthermore, permitting Defendant to compare Mr. Rivera-Serralta's fall to the experiences of his companions invites the jury to make an unfounded inference that Plaintiff was negligent himself. This argument lacks foundation because Defendant cannot prove that the companions were subjected to the same conditions in walking down the same path as Mr. Rivera-Serralta. It is speculative to assume that because his companions were not injured means no dangerous condition existed, especially where the evidence establishes that Plaintiff stepped on a different part of the staircase.

Finally, if this Court finds that there is some probative value, it is substantially outweighed by the risk of unfair prejudice and misleading the jury. *See* Fed. R. Evid. 403. This line of argument improperly shifts the jury's focus from the presence of a hazardous condition on the staircase to

an irrelevant comparison among companions who did not ascend the same part of the staircase as Mr. Rivera-Serralta.

## MOTION IN LIMINE NO. 4

Plaintiff respectfully requests that any evidence of the receipt or non-receipt of collateral sources, including health insurance, should be precluded in this action.

The collateral source rule prohibits a defendant from offering evidence that a plaintiff was compensated by third-party sources such as health insurance. *Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351, 354 (5th Cir. 1980). "In its simplest application, the rule prohibits the introduction of evidence offered to show that the [injured party] already has been compensated for his injuries." *Id.* The rule governs both evidence and damages. *Joerg v. State Farm Mut. Auto. Ins. Co.*, 176 So. 3d 1247, 1249 (Fla. 2015). "It is a basic principle of law that tortfeasors should not receive a windfall due to benefits available to the injured party, however those benefits were accrued." *Id.* at 1256.

## MOTION IN LIMINE NO. 5

Plaintiff respectfully requests that any references or mentions of automatic collateral source set-offs be precluded in this action.

Defendant Carnival should be barred from mitigating damages by setting off compensation received by the Mr. Rivera-Serralta from an independent source. In *Ryken*, Judge Ungaro held that written-off medical bills are collateral source payments and permitted the plaintiff to introduce evidence of the total amount billed. *Ryken v. Celebrity Cruises, Inc.*, 2019 U.S. Dist. LEXIS 246680, 7 (S.D. Fla. Aug. 22, 2019); *see also generally Milbrath v. NCL Bahamas, Ltd.*, 17-cv-22071-UU, 2018 LEXIS 225094, at 15 (S.D. Fla. Feb. 28, 2018*); Holderbaum v. Carnival Corp.*, 13-cv-24216-LENARD, 2015 LEXIS 180974, at 5 (S.D. Fla. Mar. 4, 2015); *Bonnell v. Carnival*

*Corp.*, 13-cv-22265-KMW, 2015 WL 12712609, at 3 (S.D. Fla. Jan. 20, 2015); *Felicia v. Celebrity Cruises, Inc.*, 12-cv-20477-WPD, 2014 LEXIS 191858, at 10 (S.D. Fla. Jan. 4, 2014); *Jones v. Carnival Corp.*, 04-cv-20407-JORDAN, 2006 LEXIS 101999, at 5 (S.D. Fla. Jan. 24, 2006). In granting plaintiff's motion in limine, the Court cited to *Milbrath*,

> **A tortfeasor should not be able to escape its compensation duty through a reduction in its liability payment by a plaintiff who happens to have his or her medical expenses written off**; this would reduce the deterrent effect of damages on the tortfeasor. Similarly, Plaintiff is entitled to be overcompensated by the rule, and **it is the third party who set the initial medical bill and then chose to write off the expense, *i.e.*, the third party sets the cost that the tortfeasor would otherwise have to bear**. It is more just that the plaintiff, and not the tortfeasor, obtain the windfall of this reduction in cost. *See* Restatement (Second) of Torts § 920A cmt. b (1979) ("it is the position of the law that a benefit that is directed to the injured party should not be shifted so as to become a windfall for the tortfeasor . . . it is the tortfeasor's responsibility to compensate for all harm that he causes, not confined to the net loss that the injured party receives"). Therefore, Plaintiff is entitled to present evidence as to the full amount of her medical bills, including "write-offs" . . .

*Id.* at 6-7 (citing *Milbrath v. NCL Bahamas, Ltd.*, 17-cv-22071-UU, 2018 LEXIS 225094, at 15-16 (S.D. Fla. Feb. 28, 2018)).

The Eleventh Circuit has held that set-offs for medical bill "write offs" as a matter of law are improper. In *Higgs*, the Eleventh Circuit ruled that it is "inappropriate to impose a bright-line rule for the calculation of damages. . . . **it is wiser to leave the ultimate determination [] to the jury, upon its consideration of all relevant evidence**, notably the amount billed, the amount paid, and any expert testimony and other relevant evidence the parties may offer." *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1313-14 (11th Cir. 2020)(emphasis added).

In *Higgs*, the Eleventh Circuit vacated the district court's post-trial reduction of medical damages award and remanded "for entry of judgment in the amount the jury found to be reasonable." *Id.* at 1300. *Higgs* established **that judicial set-offs for damages awards are**

**improper** as "the collateral source rule provides that a plaintiff is entitled to recover the full value of the damages caused by a tortfeasor, without offset for any amounts received in compensation for the injury from a third party (like an insurance company or family member)." *Smith v. Carnival Corp. & PLC*, 2023 U.S. Dist. LEXIS 214956, at 16-17 (S.D. Fla. Dec. 4, 2023)(citing *Higgs*, 969 F.3d at 1310)(emphasis added).

In *Smith*, this Court ruled on a similar motion in limine to preclude automatic collateral source set-offs. In granting Plaintiff's Motion in Limine, the Court held that "evidence or references to the availability of collateral sources to pay [p]laintiff's medical bills … are excludable." *Id. See also Penny v. Royal Caribbean Cruises*, Ltd., No. 22-CV-22543, 2023 U.S. Dist. LEXIS 163620, at 5 (S.D. Fla. Sept. 14, 2023) ("Specifically, Plaintiff argues that "[t]he Court should preclude the defendant, its counsel, and witnesses from making any reference to the availability of collateral sources to pay plaintiff's past or future medical bills (e.g., health insurance and/or Medicare)." [T]he Court grants Plaintiff's Motion in Limine to exclude evidence of collateral sources.")

Therefore, it is clear that since Plaintiff's damages cannot be capped as a matter of law by the amount of his bills that were paid, Defendant is not entitled to a set-off for any such amounts beyond the amount billed, since if the jury finds that any amounts beyond the amount billed were not reasonable and necessary, that wouldn't be a set-off, that would simply be an adverse finding against Plaintiff. As such, Plaintiff's motion should be granted.

## MOTION IN LIMINE NO. 6

Plaintiff respectfully requests that any references, mentions, or cross-examination that Mr. Rivera-Serralta was ever arrested, charged, convicted, or pled no contest to any criminal charges be precluded from this action.

Mr. Rivera-Serralta testified in his deposition that he was arrested once for unpaid parking tickets well over 10 years ago. Mr. Rivera-Serralta's arrest was ultimately reduced to a desk ticket, and therefore, this arrest is inadmissible under the Federal Rules of Evidence. Out of precaution, Furthermore, Plaintiff respectfully moves to preclude any evidence of such arrest from the trial as the crime cannot be used to impeach Mr. Rivera-Serralta as it is not one of dishonesty pursuant to Federal Rule of Evidence 609.

Pursuant to the undersigned's 7.1(a)(2) conferral with Defendant Carnival's counsel, Defendant has no objection to this Motion in Limine, and therefore, the same should be granted.

### MOTION IN LIMINE NO. 7

Plaintiff respectfully requests that any references or mentions of subjective statements or opinions made by Defendant's employees concerning Plaintiff's fault or the cause of the incident be precluded in this action.

After Mr. Rivera-Serralta's slip and fall, the Defendant Carnival prepared an incident report in which it lists a subjective cause of the incident. Similarly, during discovery, Defendant Carnival disclosed ten (10) substantially similar incidents and for each, Defendant Carnival also prepared an incident report listing a subjective cause of the incident. For most of these incidents, not surprisingly, Carnival lists the cause of the incident as "poor judgment," "failure to check or monitor the equipment or surroundings," or "lack of attention." *See generally* Carnival's Corp. Rep.'s Dep. [ECF No. 30-3 at 139:13-157:24].

Under Federal Rule of Evidence 701, lay opinion testimony must be "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Lay witnesses are not permitted to offer opinions on technical matters

9

such as medical causation, legal fault, or the proper standard of care unless they are qualified as experts under Rule 702.

Statements by Defendant's employees speculating about Plaintiff's fault or the cause of the incident constitute improper lay opinions, especially when made without personal knowledge or expertise. As the incident reports were prepared after the incident, they were written without any first-hand knowledge of how the subject incident or the other 10 incidents revealed in discovery occurred. The employees of the Defendant who have not been designated as experts shall be precluded from expressing any expert opinions, including opinions regarding the existence of care or negligence, or Plaintiff's fault. Courts have held that an expert witness is required to establish causation in cases where complex scientific issues are involved, such as in this case. *See Pierre v. Intuitive Surgical, Inc.*, 854 Fed. Appx. 316, 320.

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order prohibiting Defendant from making any arguments, references, or mentions of subjective statements or opinions made by Defendant's employees concerning Plaintiff's fault or the cause of the incident in this action.

### **CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(a)(2)**

Pursuant to Local Rule 7.1(a)(2), undersigned counsel certifies that she has conferred with counsel for Defendant in a good faith effort to resolve the issues raised in this Motion and Defendant advised that it opposes every Motion herein except Motion in Limine no. 6.

[INTENDED TO BE LEFT BLANK]

Respectfully submitted this 21st day of March 2025.

**ROBERT L. GARDANA, P.A.**
*Counsel for Plaintiff*
12350 SW 132nd Court, Suite 204
Miami, FL  33186
Tel: 305-358-0000
Fax: 305-358-1680
E-mail: Robert@gardanalaw.com
       Valentina@gardanalaw.com
       Staff@gardanalaw.com

By: /s/ *Valentina Alferez*
       Robert L. Gardana, Esq.
       Florida Bar No. 279668
       Valentina Alferez, Esq.
       Florida Bar No. 1048685